FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 04 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL WHITEHEAD**                                                           **PLAINTIFF**

vs.                                         No. 4:20-cv-234-BRW

**CONWAY CYCLE SHOP, LLC,**                                              **DEFENDANTS**
**and ROBERT HANDFORD**

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Michael Whitehead ("Plaintff"), by and through their attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Conway Cycle Shop, LLC, and Robert Handford (collectively "Defendant" or "Defendants), he does hereby state and allege as follows:

**I.     PRELIMINARY STATEMENTS**

1.     This is an action brought by Plaintiff against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.     Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3.     Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra.*

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims.

6. This Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. Defendant conducts business within the State of Arkansas.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

9. Plaintiff was employed at Defendant's business in the Central Division of the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully incorporated in this section.

11. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

12. Separate Defendant Conway Cycle Shop, LLC ("Conway Cycle Shop"), is a domestic limited liability company.

13. Conway Cycle Shop's registered agent for service is Robert M. Handford, at 1523 Mill Street, Conway, Arkansas 72034.

14. Defendant Robert Handford is an individual and a resident of Arkansas.

15. Defendants operate a website at http://www.conwaycycle.com/.

## IV.   FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

17. Defendant primarily provides mechanical services for motorcycles, scooters and all-terrain vehicles.

18. Handford is the owner, principal, officer and/or director of Conway Cycle Shop.

19. Handford manages and controls the day-to-day operations of Conway Cycle Shop, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week

20. During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

21. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately

Page 3 of 8
Michael Whitehead v. Conway Cycle Shop, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-____
Original Complaint

stated) during each of the three calendar years preceding the filing of this Original Complaint.

22. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

23. Defendant employed Plaintiff as a motorcycle technician from July of 1999 until November of 2019.

24. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

25. Plaintiff participated in interstate commerce as part of his job duties by working on vehicles which had been produced out of state.

26. Plaintiff was paid at or around $20.23 per hour.

27. Plaintiff regularly worked over forty hours in a week.

28. Defendant did not pay Plaintiff an overtime premium for hours worked over forty each week.

29. Defendant misclassified Plaintiff as an independent contractor, and as exempt from the overtime requirements of the FLSA.

30. Defendant expected Plaintiff to follow Defendant's policies regarding his employment.

31. Plaintiff did not provide any training for any employee nor did he direct the work of any employee.

32. Plaintiff did not select any employees for hire, nor did Plaintiff have any ability to fire employees.

33. Plaintiff did not have any control of or authority over any employee's rate

Page 4 of 8
Michael Whitehead v. Conway Cycle Shop, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-____
Original Complaint

of pay or working hours.

34. Plaintiff was required to wear Defendant's company uniforms.

35. Defendant determined Plaintiff's pay scale without input from or negotiation with Plaintiff.

36. Defendant set prices for services without input from or negotiation with Plaintiff.

37. Defendant made decisions on advertising Defendant's business without Plaintiff's input.

38. Defendant made decisions on what new business to pursue or take without Plaintiff's input.

39. Plaintiff did not negotiate contracts or prices with Defendant's customers.

40. Defendant assigned Plaintiff specific jobs and duties, and he was not allowed to refuse those jobs or duties.

41. Defendant required Plaintiff to follow the directions of Defendant with respect to repairing motorcycles and other vehicles.

42. Plaintiff had no opportunity to share in Defendant's profits.

43. Plaintiff did not share in Defendant's losses.

44. Plaintiff was and is entitled to lawful overtime wages for all hours worked over forty (40) per week.

45. It was Defendant's commonly applied practice to not pay Plaintiff lawful overtime wages for all hours worked in excess of forty (40) per week.

46. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff violated the FLSA and the AMWA.

## VI. FIRST CAUSE OF ACTION
### (Claim for Violation of the FLSA)

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

50. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51. 29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and overtime wages of one and one-half times the regular rate of pay for all hours worked over forty (40) in one week unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as an independent contractor.

68. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty (40) in each one-week period.

69. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Claim for Violation of the AMWA)

71. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

72. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

73. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74. Sections 210 and 211 require employers to pay employees a minimum wage for all hours worked up to forty (40) and to pay one and one-half times regular wages for all hours worked over forty (40) in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

75. Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiffs lawful overtime wages for all hours worked over forty (40) in each one-week period.

76. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Michael Whitehead respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged herein violated the FLSA, the AMWA, and their relating regulations;

B. Judgment for damages for all unpaid overtime wages pursuant to the FLSA, the AMWA, and their relating regulations;

C. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

D. An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF MICHAEL WHITEHEAD**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com