**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**MICHEAL WHITEHEAD**                                                          **PLAINTIFFS**

**4:20-CV-00234-BRW**

**CONWAY CYCLE SHOP, LLC**                                           **DEFENDANT**

## ORDER

The Joint Motion to Dismiss (Doc. No. 5) based on settlement is DENIED without prejudice.

First, because this is an FLSA case, I would like the parties' confirmation that the negotiated attorney's fees "were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client."[1]

Second, the fact that "[t]he parties wish for their agreement to remain private and do not wish for any reasonableness review to occur"[2] is irrelevant. There is a presumption of openness in FLSA settlements.[3]

Accordingly, when the motion is refiled, the parties must attach a copy of the settlement agreement, Plaintiff's billing records, and a declaration by Plaintiff's counsel regarding whether they will be enforcing the contingency fee agreement.

IT IS SO ORDERED this 30th day of July, 2020.

                                                     Billy Roy Wilson
                                                     UNITED STATES DISTRICT JUDGE

---

[1] *Barbee v. Big River Steel, LLC*, No. 18-2255, 2019 WL 2527594, at *2, n.1 (8th Cir. June 20, 2019). See *Vines v. Welspun Pipes, Inc.*, No. 4:18-CV-00509-BRW, 2020 WL 1910616 (E.D. Ark. Apr. 13, 2020) (discussing the issues that arise when attorneys' fees and liability are negotiated simultaneously).

[2] Doc. No. 5.

[3] *Hart v. ITC Serv. Grp., Inc.*, No. 4:15-CV-00599-DGK, 2017 WL 2728439, at *2 (W.D. Mo. June 23, 2017) ("The parties have not rebutted the presumption of openness. There is no claim that the proposed settlement concerns any highly sensitive matter that would rebut the presumption in favor of openness and justify sealing the record. See *Jessup*, 277 F.3d at 928; *In re Sepracor*, 2009 WL 3253947, at *1 (holding confidentiality provision insufficient interest to overcome presumption in unsealing FLSA settlement). This is an ordinary FLSA settlement, thus it should be open to the public. While sealing the record may encourage one or both parties to settle, the public's access to judicial records is not a bargaining chip the parties may trade away in their settlement negotiations.").